No. 12-55071

In the

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

BINAL S. PATEL, et al.

Plaintiffs–Appellants,

v.

WELLS FARGO BANK, et al.

Defendants – Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
No. SACV-11-00826-AG(RNBx)

_____

**ANSWERING BRIEF OF APPELLEE WELLS FARGO
HOME MORTGAGE, A DIVISION OF
WELLS FARGO BANK, N.A.**

_____

KUTAK ROCK LLP
Jeffrey S. Gerardo, Bar No. 146508
Steven M. Dailey, Bar No. 163857
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Jeffrey.Gerardo@kutakrock.com
Steven.Dailey@kutakrock.com

*Attorneys for Defendant-Appellee*
WELLS FARGO HOME MORTGAGE, A
DIVISION OF WELLS FARGO BANK,
N.A. [Erroneously named as "WELLS
FARGO BANK" and "WELLS FARGO
HOME MORTGAGE, INC."]

## <u>CORPORATE PARENT DISCLOSURE</u>

*Patel  v. Wells Fargo, et al.*
United States Court of Appeals
For the Ninth Circuit Docket No. 12-55071

[ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION CASE
NO. SACV11- 826  (AG) (RNBx) ]

1.     This Corporate Parent Disclosure Statement is made by the following corporate party:

<u>WELLS FARGO BANK, N.A.</u>

The above-named corporate party hereby identifies the following entity or entities as Defendant/Appellee.

2.     This Corporate Parent Disclosure Statement is made by the following corporate party:

<u>WELLS FARGO & COMPANY</u>

The above-named corporate party hereby identifies the following entity or entities as its Holding Company for Defendant/Appellee.

i

# TABLE OF CONTENTS

Page

STATEMENT OF JURISDICTION ..........................................................................1

STATEMENT OF THE ISSUES .............................................................................1

STATEMENT OF THE CASE ..................................................................................2

STATEMENT OF FACTS .........................................................................................3

      A.    Appellants Obtained, and Defaulted on, their Loan
           Secured by the Property ............................................................3

      B.    Appellants Filed the Action on June 1, 2011 and Failed to
           Oppose Wells Fargo's Motion to Dismiss ................................4

      C.    The District Court Granted Wells Fargo's Unopposed
           Motion to Dismiss and Gave Leave to Amend .........................5

      D.    The District Court Granted Wells Fargo's Motion to
           Dismiss the First Amended Complaint, and Provided
           Leave to Amend ........................................................................6

      E.    Appellants Failed to Amend and the District Court
           Dismissed the Action, Without Leave to Amend .....................7

SUMMARY OF ARGUMENT ..................................................................................8

STANDARD OF REVIEW .....................................................................................10

ARGUMENT ...........................................................................................................12

I.    THE DISTRICT COURT'S JANUARY 3, 2012 DECISION
      DISMISSING THE MATTER, WITHOUT LEAVE TO
      AMEND, WAS SOUND .................................................................12

      A.    Appellants Improperly Raise the Issue of an Alleged Due
           Process Violation for the First Time in this Appeal ...............13

      B.    The District Court Was Within its Discretion to Dismiss
           the Matter Without Leave to Amend Upon Appellants'
           Failure to Amend ....................................................................14

           1.    The Court Had Discretion to Dismiss the Action
               Pursuant to Rule 41(b) .................................................14

TABLE OF CONTENTS
(continued)

Page

2.  Appellants Did Not File a Notice of Intent Not to File an Amended Complaint and the Court Therefore Lacks Jurisdiction to Hear an Appeal ........... 17

3.  The District Court Had Discretion to Dismiss the Action As Appellants Waived their Rights to Continue to Assert Their Causes of Action Following Failure to Amend .......................................... 18

4.  Appellants Did Not Avail Themselves of Many Avenues to Be Heard ..................................................... 19

C.  Dismissal of a Matter Without Notice Due to Failure to Prosecute Is Not a Denial of Due Process ............................... 20

D.  The Argument that the District Court Should Have Abstained from Dismissing the State Claims Fails ................ 21

E.  Appellants Have Not Suggested Any Basis Upon Which They Could Amend to State a Claim ...................................... 22

II.  THE DISTRICT COURT'S OCTOBER 17, 2011 DECISION DISMISSING THE CLAIMS IN THE FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, WAS SOUND .......... 23

A.  "Dual Tracking" Does Not Support a Cause of Action Because Reliance on AB1745 Is Misplaced, the Argument as to TARP Funds Was Not Previously Raised and Does Not Support a Claim, and No Enforceable Entitlement to a Loan Modification Was Alleged ................... 24

B.  Appellants Are Not Appealing the District Court's Order Dismissing the Claims for FDCPA, Fraud, Quiet Title, Declaratory and Injunctive Relief .......................................... 27

C.  The District Court Had Sound Bases for Dismissing the FDCPA, Fraud, Quiet Title, Declaratory Relief, Injunctive Relief, and Business and Professions Code Sections 17200 et seq. Claims ................................................ 28

# TABLE OF CONTENTS
(continued)

Page

1.  The FDCPA Claim Was Properly Dismissed as Wells Fargo Was Not Alleged to Be a "Debt Collector," Nor Was it Involved in "Debt Collection" under the Act ..............................................28

2.  The Fraud Claim Was Properly Dismissed Due to Lack of Particularity, and for Failure to Sufficiently Allege the Elements of a Fraud Claim ......29

3.  The Quiet Title Claim Was Properly Dismissed ...........32

4.  The Injunctive Relief Claim Was Properly Dismissed....................................................................32

5.  The Declaratory Relief Claim Was Properly Dismissed....................................................................33

6.  The District Court's Decision Dismissing the Claim for an Alleged Violation of California Business and Professions Code Sections 17200 et seq. Was Sound.............................................................34

CONCLUSION ...........................................................................35

STATEMENT OF RELATED CASES .................................................36

CERTIFICATE OF COMPLIANCE....................................................37

## TABLE OF AUTHORITIES

Page

### *FEDERAL CASES*

*Aleem v. Bank of America*,
2010 WL 532330 (C.D. Cal. February 9, 2009) ..............................................25

*Anaya v. Advisors Lending Grp.*,
2009 WL 2424037 (E.D. Cal. Aug. 5, 2009) ......................................................6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ..........................................................................................11

*Brady v. Brown*,
51 F3d 810 (9th Cir. 1995) ...............................................................................21

*Bridgeman v. United States*,
2011 WL: 221639 (E.D. Cal. Jan. 20, 2011) ....................................................26

*Bryant v. Adventist Health Sys./West*,
289 F.3d 1162 (9th Cir. 2002) ..........................................................................11

*Cachil Dehe Band of Wintun Indians of*
*Colusa Indian Community v. California*,
547 F.3d 962 (9th Cir. 2008) ............................................................................27

*Carey v. King*,
856 F.2d 1439 (9th Cir.1988) ...........................................................................15

*Carrico v. City and County of San Francisco*,
656 F.3d 1002 (9th Cir. 2011) ..........................................................................22

*Cook v. Schriro*,
538 F.3d 1000 (9th Cir. 2008) ..........................................................................27

*Currey v. Homecoming Fins., LLC*,
2009 WL 1227010 (N.D. Cal. May 1, 2009) ................................................7, 32

*Desaigoudar v. Meyercord*,
223 F.3d 1020 (9th Cir. 2000) ..........................................................................29

*Durning v. First Boston Corp.*,
815 F.2d 1265 (9th Cir. 1987) ............................................................................4

*Edwards v. Marin Park, Inc.*,
(9th Cir. 2004) 356 F.3d 1058 ....................................................................18, 19

*Eldridge v. Block*,
832 F.2d 1132 (9th Cir.1987) ...........................................................10, 14, 15

*Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco*,
    792 F.2d 1432 (9th Cir. 1986) ............................................................22

*Forman v. Davis*,
    371 U.S. 178 (1962).........................................................................15

*Fuentes v. Deutsche Bank*,
    2009 WL 1971610 (S.D. Cal. July 8, 2009) ........................................6

*Garcia v. Wachovia Mortg. Corp.*,
    676 F. Supp. 2d 895 (C.D. Cal. 2009) ................................................7

*G-K Props. v. Redevelopment Agency of San Jose*,
    577 F.2d 645 (9th Cir. 1978) ............................................................13

*Gonzalzez v. First Franklin Loan Svcs.*,
    2010 WL 144862 (E.D. Cal. January 11, 2010) ................................25

*Gordon v. City of Oakland*,
    627 F.3d 1092 (9th Cir. 2010) ..........................................................22

*Hoffman v. Bank of Am.*,
    2010 WL 2635773 (N.D. Cal. June 30, 2010).............................7, 26

*Indep. Towers of Wash. v. Washington*,
    350 F.3d 925 (9th Cir. 2003) ............................................................27

*Irigoyen-Briones v. Holder*,
    582 F.3d 1062 (9th Cir. 2009) ..........................................................27

*Izenberg v. ETS Servs., LLC*,
    589 F. Supp. 2d 1193 (C.D. Cal. 2008) ............................................28

*Jelsing v. MIT Lending*,
    2010 WL 2731470 (S.D. Cal. July 9, 2010) ........................................6

*Kahle v. Gonzales*,
    487 F.3d 697 (9th Cir. 2007) ............................................................11

*Kay v. Likins*,
    160 Fed. Appx. 605 (9th Cir. 2005)...................................................22

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ..........................................................11

*Lal v. Am. Home Servicing, Inc.*,
    680 F. Supp. 2d 1218 (E.D. Cal. 2010) .........................................6, 29

*Lopez v. City of Needles*,
    95 F.3d 20 (9th Cir. 1996) ..........................................................17, 18

*Miller v. Fairchild Indus., Inc.*,
    797 F.2d 727 (9th Cir. 1986) ............................................................27

*Moore v. Brewster*,
  96 F.3d 1240 (9th Cir. 1996) ............................................................30

*Nool v. Homeq Servicing*,
  2009 WL 2905745 (E.D. Cal. 2009)...........................................32, 34

*Parrish v. National Football League Players Inc.*,
  2007 WL 1624601 (N.D. Cal. June 4, 2007)....................................11

*Pernell v. BAC Home Loans Servicing, LP*,
  2011 WL 318539 (E.D. Cal. February 2, 2011) ................................28

*Powell v. Residential Mortg. Capital*,
  2010 WL 2133011 (N.D. Cal. May 24, 2010)...................................29

*Renteria v. U.S.*,
  452 F.Supp.2d 910 (D. Ariz. 2006) ..................................................31

*Reyes v. Wells Fargo Bank, N.A.*,
  2011 WL 30759 (N.D. Cal. January 3, 2011)...................................29

*Schmidt v. Herrmann*,
  614 F.2d 1221 (9th Cir.1980) ....................................................10, 15

*Shotkin v. Westinghouse Elec. & Mfg. Co.*,
  169 F.2d 825 (10th Cir. 1948) .........................................................20

*Stuard v. Stewart*,
  401 F.3d 1064 (9th Cir. 2005) .........................................................27

*Sumner Peck Ranch v. Bureau of Reclamation*,
  823 F.Supp. 715 (E.D. Cal. 1993) .....................................................4

*Tritchler v. County of Lake*,
  358 F.3d 1150 (9th Cir. 2004) .........................................................10

*U. S. v. Cohen*,
  152 F.3d 321 (4th Cir. 1998) ...........................................................33

*Ung v. GMAC Mortg.*,
  2009 WL 2902434  (C.D. Cal. September 4, 2009) .........................25

*Union Carbide Corp. v. American Can Co.*,
  724 F.2d 1567 (Fed. Cir. 1984) .......................................................11

*United Mine Workers v. Gibbs*,
  383 U.S. 715 (1966)..........................................................................21

*Winter v. Natural Res. Def. Council, Inc.*,
  129 S. Ct. 365 (2008)........................................................................33

*WMX Technologies, Inc. v. Miller*,
  104 F.3d 1133 (9th Cir. 1997) ....................................................17, 18

*Yamashita v. People of Guam,*
   59 F.3d 114 (9th Cir. 1995) .............................................................. 13
*Yourish v. Calfiornia Amplifier,*
   191 F.3d 983 (9th Cir. 1999) ............................................. 15, 16, 18

## STATE CASES

*Collins v. Marvel Land Co.,*
   13 Cal.App.3d 34 (1970) ................................................................... 26
*Evangelatos v. Superior Court,*
   44 Cal. 3d 1188 (1988) .................................................................... 24
*Glue-Fold, Inc. v. Slautterback Corp.,*
   82 Cal.App.4th 1018 (2000) ............................................................ 33
*Khoury v. Maly's of California,*
   14 Cal.App.4th 612 (1993) .............................................................. 34
*Mabry v. Sup. Ct.,,*
   185 Cal. App. 4th 208 ...................................................................... 26
*Perlas v. GMAC Mortgage, LLC,*
   187 Cal.App.4th 429 (August 11, 2010) .................................... 30, 31
*Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,*
   57 Cal.App.3d 104 (1976) ................................................................ 30
*Secrest v. Sec. National Mortgage Loan Trust 2002-2,*
   167 Cal.App.4th 544 (2008) ............................................................ 25
*Wagner v. Benson,*
   101 Cal.App.3d 27 (1980) ................................................................ 31

## FEDERAL STATUTES

28 U.S.C. § 1367(c)(3) ............................................................................ 21
28 U.S.C. § 2201 .................................................................................... 33

## FEDERAL RULES

Fed. R. App. P. 4(a)(1)(A), 4(a)(2) ....................................................... 1
Fed. R. App. P. 28(a)(9) ........................................................................ 27
Fed. R. Civ. P. 8(a) ............................................................................... 11
Fed. R. Civ. P. 9(b) ............................................................................... 29
Fed. R. Civ. P. 41(b) ............................................................................. 14

## STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction over this matter pursuant to 28 U.S.C. Section 1331.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1291, as the decision being appealed is an order granting a Motion to Dismiss entered by the United States District Court for the Central District of California on October 17, 2011, followed by an Order Dismissing Case without leave to amend entered on January 3, 2012.  (Appellants' Excerpts of Record ("ER"), pp. 38-46, 47.)  Appellants filed a Notice of Appeal on January 5, 2012. (ER, pp. 48-50, 56.)  *See* Fed. R. App. Proc. 4(a)(2), 4(a)(1)(A).

## STATEMENT OF THE ISSUES

The issues on appeal as to Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A. ("Wells Fargo" or "Appellee") are:

1)      Whether the district court abused its discretion in dismissing Appellant Binal S. Patel and Shailesh Patel's ("Appellants") case, without leave to amend, where Appellants failed to file an amended pleading following expiration of the period in which the district court provided leave to amend, and where Appellants' due process argument is raised for the first time in this appeal.  (*See* Appellants' Opening Brief ("Appellants' Brief"), p. 2);

2)      Whether the district court properly granted Wells Fargo's Motion to Dismiss the First Amended Complaint, and its causes of action for an alleged

1

violation of the Fair Debt Collection Practices Act ("FDCPA"), fraud, quiet title, a violation of Business and Professions Code Sections 17200 *et seq*., and claims for declaratory and injunctive relief, where the district court's grounds in its ruling are not argued to be error in this appeal.  (*See* Appellants' Brief, p. 2.)

## STATEMENT OF THE CASE

This is an appeal from the United States District Court for the Central District of California's decision granting Wells Fargo's Motion to Dismiss Appellants' First Amended Complaint, and subsequent Order Dismissing Case without leave to amend.  (ER, pp. 38-46, 47.)  Appellants filed their Complaint on June 1, 2011 against Wells Fargo, and First American Trustee Servicing Solutions LLC and First American Title Company (collectively "First American").  (ER, pp. 1-9, 52.)  Wells Fargo filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on June 27, 2011.  (ER, p. 53.)  Following Appellants' failure to file an opposition, the district court granted the unopposed Motion to Dismiss on August 8, 2011, and the district court permitted fourteen days leave to amend.  (ER, pp. 14-15, 53.)  On August 22, 2011, Appellants filed their First Amended Complaint, naming as an additional party New Hope Capital LLC, as Trustee of Somerset #5015 Trust ("New Hope"), and asserting causes of action for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), fraud, quiet title, a violation of Business and Professions Code sections 17200 *et seq*., and seeking

damages and declaratory and injunctive relief.  (ER, pp. 22-37, 54.)  Wells Fargo filed a Motion to Dismiss, accompanied by a Request for Judicial Notice, on September 6, 2011.  (ER, p. 54.)  New Hope filed a Motion to Dismiss, accompanied by a Request for Judicial Notice, on September 12, 2011.  (ER, p. 54.)

On October 17, 2011, the district court granted Wells Fargo's Motion to Dismiss the First Amended Complaint, granted, in part, the Request for Judicial Notice, and it provided 21 days leave to amend.  (ER, pp. 38-46.)  Following Appellants failure to file an amended pleading, the district court entered an order dismissing the matter without leave to amend on January 3, 2012.  (ER, p. 47.) Appellants filed their Notice of Appeal on January 5, 2012.  (ER, pp. 48-49.)

## STATEMENT OF FACTS

### A.     Appellants Obtained, and Defaulted on, their Loan Secured by the Property.

In March 2004, Plaintiffs obtained a loan in the amount of $412,785.00 secured by a Deed of Trust on the property located at 5015 Somerset Street, Buena Park, California ("Property").  (Appellants' Brief, p. 3; ER, p. 25; Supplemental Excerpts of Record ("SER"), pp. 5-6.)   In 2009, Plaintiffs began experiencing financial difficulties, and they admit to becoming delinquent on their loan obligation.  (ER, p. 26.)  A Notice of Default was recorded on the Property on October 15, 2009, and a Notice of Trustee's Sale was recorded on January 20,

2010. (ER, pp. 26-27; SER, pp. 22-27.) This first Notice of Default was rescinded, however, as demonstrated by the March 2, 2010 recording of a Notice of Rescission. (SER, p. 29.) Another Notice of Default was recorded on January 18, 2011, reflecting that, as of January 14, 2011, Appellants were in default in the amount of $16,039.43. (SER, pp. 31-33.)[1] A Notice of Trustee's Sale was recorded on April 18, 2011. (ER, p. 27; SER, p. 35.) The Property sold at a trustee's sale to New Hope Capital LLC ("New Hope") on June 9, 2011, and a Trustee's Deed Upon Sale was recorded on June 21, 2011. (ER, p. 28; SER. Pp. 37-39.)

## B.    Appellants Filed the Action on June 1, 2011 and Failed to Oppose Wells Fargo's Motion to Dismiss.

Appellants filed their Complaint on June 1, 2011. (Appellants' Brief, p. 3; ER, pp. 1-9, 52.) On June 27, 2011, Wells Fargo filed a Motion to Dismiss the Complaint. (Appellants' Brief, p. 3; ER, p. 53.) Appellants failed to file an Opposition. (ER, pp. 14, 53.)

---

[1] In contrast to this recorded second Notice of Default, Appellants confusingly pleaded that "defendant recorded and scheduled a new trustee's sale date of June 7, 2011 but [had] never recorded a new notice of default." [*See* ER, p. 27, par. 23.] However, the Court was permitted to take judicial notice of the Notice of Default, and disregard Appellants' contradictory conclusion. *See Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (stating a "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint," and citing *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).)

**C.    The District Court Granted Wells Fargo's Unopposed Motion to Dismiss and Gave Leave to Amend.**

On August 8, 2011, the district court granted Wells Fargo's unopposed Motion to Dismiss the Complaint, and permitted Plaintiffs fourteen days leave to amend.  (ER, pp. 14-15.)  On August 22, 2011, Appellants filed their First Amended Complaint asserting claims for a violation of the FDCPA, fraud, quiet title, a violation of Business and Professions Code sections 17200 *et seq*., and Appellants sought damages, declaratory and injunctive relief.  (Appellants' Brief, p. 4; ER, pp. 22-37.)

Appellants attacked issues relating to the 2004 loan origination, and generally claimed the Property was overvalued due to the economic "downturn." (ER, pp. 26.)  As to the nonjudicial foreclosure of the Property, among other allegations, Appellants claimed they were in loan modification negotiations, and did not receive further forbearance, or a loan modification prior to the Property's sale.  (Appellants' Brief, p. 4; ER, pp. 27-29.)  Appellants label this as "dual tracking," which they claim is improper.  (Appellants' Brief, p. 4; ER, p. 29.)  On September 6, 2011, Wells Fargo filed a Motion to Dismiss, a Request for Judicial Notice, and a Motion to Strike Portions of Plaintiff's First Amended Complaint. (Appellants' Brief, p. 4; ER, p. 54.)  New Hope filed a Motion to Dismiss on September 12, 2011.  (ER, p. 55.)

**D.    The District Court Granted Wells Fargo's Motion to Dismiss the First Amended Complaint, and Provided Leave to Amend.**

On October 17, 2011, the district court granted Wells Fargo's Motion to Dismiss the First Amended Complaint, and New Hope's Motion to Dismiss. (Appellants' Brief, p. 5; ER, pp. 38-46, 55-56.)   It also granted, in part, Wells Fargo's Request for Judicial Notice.  (ER, pp. 39-40.)

As to the FDCPA claim, the district court found Wells Fargo was not a "debt collector" under that act, and it cited to case law that states a consumers' creditors, including a mortgage servicing company or assignee of the debt, do not fall within the FDCPA.  (ER, p. 42 (citing *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010); *Jelsing v. MIT Lending,* 2010 WL 2731470, *5 (S.D. Cal. July 9, 2010).)   The district court also found foreclosing on a mortgage does not constitute "debt collection" under the act.   (ER, p. 42 (citing *Fuentes v. Deutsche Bank*, 2009 WL 1971610 (S.D. Cal. July 8, 2009); *Anaya v. Advisors Lending Grp.*, 2009 WL 2424037, *6 (E.D. Cal. Aug. 5, 2009).)

On the fraud claim, the court found Appellants' allegations did not meet the heightened pleading standard for a fraud claim under Federal Rule of Civil Procedure, Rule 9.  (ER, p. 43.)  The court noted that, as to origination, Appellants "do not explain which material terms of the loan agreement Wells Fargo misrepresented." (ER, p. 43.)  The district court also found Appellants did not "allege that Wells Fargo was required to modify the loan or promised that it

6

would." (ER, p. 43 (citing *Hoffman v. Bank of Am.,* 2010 WL 2635773, *2-3, 5 (N.D. Cal. June 30, 2010.)

The district court found the claim for quiet title failed due to Appellants' lack of alleging tender. (ER, p. 43 (citing *Garcia v. Wachovia Mortg. Corp.,* 676 F. Supp. 2d 895, 914 (C.D. Cal. 2009).) Appellants' request for injunctive relief failed as injunctive relief is a remedy, and not a cause of action. (ER, p. 44 (citing *Currey v. Homecoming Fins., LLC*, 2009 WL 1227010, *7 (N.D. Cal. May 1, 2009).) Further, Appellants did not provide what the district court considered a "sufficient basis" for granting the remedy of injunctive relief. (ER, p. 44.) The request for declaratory relief failed, as it was "completely derivative of Plaintiffs' other claims" which were found to fail. (ER, p. 44.) As to Appellants' final claim for an alleged violation of Business and Professions Code sections 17200 *et seq*., the district court found the cause of action failed because the remaining claims were deficient, and no underlying claim was sufficiently pleaded. (ER, pp. 44-45.) The district court provided 21 days leave to amend. (Appellants' Brief, p. 5, ER, p. 45.)

**E.    Appellants Failed to Amend and the District Court Dismissed the Action, Without Leave to Amend.**

Despite being given leave to amend, Appellants did not file a further amended pleading. (Appellants' Brief, p. 5; ER, pp. 55-56.) On December 30, 2011, New Hope filed a motion to dismiss the case on the ground that Appellants

failed to comply with the district court's order regarding amendment of the pleading. (Appellants' Brief, p. 5; ER, p. 56.) On January 3, 2012, the district court issued an order dismissing the matter without leave to amend, and vacating all dates in the matter. (Appellants' Brief, p. 5; ER, pp. 47, 56.) Appellants filed their Notice of Appeal on January 5, 2012. (Appellants' Brief, p. 5; ER, pp. 48-49.) In their Notice of Appeal, Appellants state they are appealing the district court's January 3, 2012 order dismissing the case, and "all adverse collateral orders including the orders granting [Wells Fargo's] motion to dismiss in its entirety." (ER, pp. 48-450.)

## SUMMARY OF ARGUMENT

This is an appeal of the district court's October 17, 2011 ruling granting Wells Fargo's Motion to Dismiss the First Amended Complaint, and the January 3, 2012 dismissal of the case, without leave to amend, after Appellants failed to file an amended pleading. Appellants challenge the January 3, 2012 dismissal through the contention that the dismissal violates their right to due process. (Opening Brief, pp. 2, 9-11, 12-18.) Appellants claim that they should have been given a further opportunity to be heard as to the reasons they failed to file a further amended pleading. (*See* Opening Brief, pp. 11, 17.) Appellants also argue that the district court should have abstained from making determinations over the state claims, if it determined that the one federal claim, the FDCPA claim, failed as a

matter of law.  (Opening Brief, pp. 11, 17-18.)  As to the October 17, 2011 order dismissing the claims in the First Amended Complaint, with leave to amend, Appellants claim Wells Fargo was improperly involved in what Appellants term "dual tracking," and while they admit no "duty to modify" existed, Wells Fargo should not have foreclosed due to its alleged receipt of "funds under TARP[2]." (Opening Brief, pp. 11, 18-19.)  Appellants also rely on the July 2012 legislative enactment of AB1745, which Appellants claim prohibits a lender from negotiating a modification while also proceeding with a nonjudicial foreclosure.  (Opening Brief, p. 18.)

Appellants' claims fail on numerous grounds.  Most notably, Appellants' claims as to the January 3, 2012 Order dismissing the action, and their allegations of deficient due process, are raised in this appeal for the first time.  As the issue was never present before the district court, this appeal is an inappropriate vehicle for hearing.  And, even if the issues were appropriately before this Court, the district court was permitted to dismiss the case, without leave to amend, in its discretion under Federal Rule of Civil Procedure 41(b) due to Appellants' failure to comply with an order of the court.  Further, Appellants waived their rights to

---

[2] "TARP" refers to the Trouble Asset Relief Program, which was created by a bill that was made law on October 3, 2008 with the passage of H.R. 1424 enacting the Emergency Economic Stabilization Act of 2008.

continue to assert their causes of action when they failed to amend their pleading following being given leave to do so.

As to the October 17, 2011 Order dismissing Appellants' First Amended Complaint, with leave to amend, Appellants do not address any of the district court's grounds as being erroneous. Appellants merely argue some "dual tracking" was improper, but no basis in common law, statute or contract was presented to the district court, nor in this appeal, to support that claim. The Appellants' brief fails to address the merits of any of their causes of action, and waiver applies in this appeal. And, even if not waived, the grounds for the district court's dismissal of the causes of action in the First Amended Complaint, were sound.

## STANDARD OF REVIEW

In *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.1987), the Ninth Circuit stated dismissal for failure to file a timely amended complaint is reviewed for abuse of discretion. The court will not overturn the district court's decision absent a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached." *Id.* (quoting *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir.1980)). A district court's decision whether to retain jurisdiction over supplemental claims when the original federal claims are dismissed is also reviewed for an abuse of discretion. *See Tritchler v. County of*

10

*Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004); *Bryant v. Adventist Health Sys./West*, 289 F.3d 1162, 1165 (9th Cir. 2002).

Failure to state a claim pursuant to Rule 12(b)(6) is reviewed *de novo. See Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the United States Supreme Court espoused that Rule 8 encompassed a "facial plausibility" pleading standard. The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

*Twombly,* 550 U.S. at 570 (internal citations omitted). The standard of *Twombly* applies to Rule 12 motions, including those under 12(b). *Parrish v. National Football League Players Inc.*, 2007 WL 1624601, *2 (N.D. Cal. June 4, 2007). Furthermore, it has long been established that appellants must not only show error in the District Court's reasoning, but also error in the result. *Union Carbide Corp. v. American Can Co.*, 724 F.2d 1567, 1574 (Fed. Cir. 1984).

11

## ARGUMENT

## I. THE DISTRICT COURT'S JANUARY 3, 2012 DECISION DISMISSING THE MATTER, WITHOUT LEAVE TO AMEND, WAS SOUND.

Appellants argue that the district court erred in entering its January 3, 2012 order dismissing the case without leave to amend because doing so purportedly violated their due process rights. (*See* Opening Brief, pp. 2, 9-11, 12-18.) Appellants claim the district court should have provided them a further opportunity to be heard as to the reasons they failed to file a further amended pleading, before entering a dismissal, without leave to amend. (*See* Opening Brief, pp. 11, 17.) Appellants also argue that the district court should have abstained from exercising supplemental jurisdiction over the state claims, and dismissing them without leave to amend, if it determined that the one federal claim, the FDCPA claim, failed as a matter of law. (Opening Brief, pp. 11, 17-18.)

Appellants' arguments fail in this appeal, most notably, because they are raised here for the first time. Even if appropriately brought before this Court, the claims fail as it was within the district court's discretion to dismiss the case, without leave, following Appellants' failure to file an amended pleading within the time provided. It is also notable that Appellants did not avail themselves of *several* opportunities for due process under the rules (i.e. seeking leave out of time following expiration of their time to amend, seeking rehearing or reconsideration

of the dismissal, etc.)  Further, the claim as to some error by the district court in exercising supplemental jurisdiction over the state claims is hypothetical and not a proper assignment of error, because the district court was never presented with a pleading that only contained state claims.  Regardless, the district court would have been within its discretion to dismiss all claims in the pleading, not just the federal claim, upon the failure to file an amended pleading, pursuant to its authority to exercise supplemental jurisdiction.  Finally, Appellants do not provide any argument, nor do they point to anywhere in the record, to demonstrate how they could amend to sufficiently state a claim on any of their causes of action which were dismissed.  Thus, their attack on the order dismissing the pleading without leave was proper, as amendment would be futile.

### A.    Appellants Improperly Raise the Issue of an Alleged Due Process Violation for the First Time in this Appeal.

Failure to raise an argument in opposition to dismissal may constitute waiver.  *See G-K Props. v. Redevelopment Agency of San Jose*, 577 F.2d 645, 648 (9th Cir. 1978) (finding an appellant waived argument that it did not possess certain documents by failing to raise it in opposition to dismissal for noncompliance with discovery order); *see also Yamashita v. People of Guam*, 59 F.3d 114, 117 (9th Cir. 1995) (finding an appellant was not permitted to challenge district court's consideration of affidavits submitted with appellee's post-trial brief where appellant failed to move to strike affidavits in district court).  As Appellants

have not alleged that they raised the issue in the district court, the issue of some alleged due process violation is not properly before this Court on appeal.

**B.** **The District Court Was Within its Discretion to Dismiss the Matter Without Leave to Amend Upon Appellants' Failure to Amend.**

**1.** **The Court Had Discretion to Dismiss the Action Pursuant to Rule 41(b).**

The district court was permitted to dismiss the case, without leave to amend, when Appellants failed to file an amended pleading. A court has discretion to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an order of the court. Rule 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This Court in *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.1987) stated that pursuant to Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." In *Eldridge*, this Court stated dismissal for failure to file a timely amended complaint is reviewed for abuse of discretion, and the court will not overturn the district court's decision absent a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id*. (quoting

14

*Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir.1980)).  The relevant factors include "(1) the public's interest in expeditious resolution of litigation; (2) the trial court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.1988).  In *Eldridge*, this Court found the district court abused its discretion where it refused an incarcerated plaintiff's timely request for an extension of time in which to file an amended complaint.  *Eldridge,* 832 F.2d at 1138 (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

This Court was presented with a case similar to the instant appeal, in *Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir. 1999).  In *Yourish*, the plaintiffs filed their action, defendants moved to dismiss, and the court issued a tentative ruling that it was inclined to grant the motion with leave to amend.  *Yourish*, 191 F.3d at 985-986.  The parties agreed to submit on the tentative and stipulated to a request for sixty days leave to amend, to which the court agreed.  *Id*. at 986. Plaintiffs did not file an amended complaint within sixty days, and the district court granted defendants' motion to dismiss, without argument, dismissing the case with prejudice under Rule 41(b).  *Id.*  On appeal, plaintiffs argued that dismissal with prejudice was excessive.  *Id*. at 989-990.

This Court affirmed the district court's order finding it did not abuse its discretion in dismissing the case with prejudice following plaintiffs' failure to amend. *Id.* at 992. The Court found that a weighing of the factors "strongly favor dismissal," and thus the "district court did not abuse its discretion in dismissing Plaintiffs' case for failing to amend in a timely fashion." *Id.* at 992. The Court specifically found that the factors relating to an interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to the defendant, all strongly weighed in favor of dismissal. *Id.* at 990-991. While the Court recognized that dismissal by the district court was harsh, the Court stated it did not have a "definite and firm conviction," that a clear error had been committed in weighing the factors. *Id.*

In this case, no clear error by the district court has been demonstrated. As in *Yourish,* the factors relating to an interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to the defendant, all strongly weigh in favor of dismissal. *See Id.* at 990-991. While Appellants argue a dismissal with prejudice is severe, Appellants had many procedures available to them of which they did not avail themselves. Appellants had previously been given leave to amend. And, upon being give further leave to amend, they failed to do so. Despite their failure to amend, the case remained pending for approximately two months before being dismissed. Appellants did not request an extension of

16

time, as was the case in *Eldridge*, nor did Appellants seek leave to file an amended pleading out of time.  Appellants also did not seek rehearing or reconsideration, or otherwise seek any relief.  As the record stands, and as argued in Appellants' Brief, no clear error by the district court has been presented to suggest reversible error.

> **2.    Appellants Did Not File a Notice of Intent Not to File an Amended Complaint and the Court Therefore Lacks Jurisdiction to Hear an Appeal.**

In *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), this Court raised the issue of jurisdiction, sua sponte, and cited a previous decision in which the Court stated, "Unless a plaintiff files in writing a notice of intent not to file an amended complaint, such dismissal order is not an appealable final decision."  *WMX Technologies, Inc*., 104 F.3d at 1135-1136 (quoting *Lopez v. City of Needles*, 95 F.3d 20, 22 (9th Cir. 1996).)  In *WMX Technologies, Inc*., the Court stated, "In a typical case, filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable."  *Id*. (citing *Lopez,* 95 F.3d at 22).  This Court espoused:

> We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained. To the extent that any of our cases may suggest a different rule, we now overrule them.

Just as in *WMX Technologies, Inc.,* Appellants here failed to file a Notice of Intent Not to File an Amended Complaint. And, just as in *WMX Technologies, Inc.* this Court therefore lacks jurisdiction to review that ruling that dismissal order.

> **3.    The District Court Had Discretion to Dismiss the Action As Appellants Waived their Rights to Continue to Assert Their Causes of Action Following Failure to Amend.**

The district court was within its discretion to dismiss the matter as Appellants are deemed to have waived any claims beyond those pleaded in their First Amended Complaint, due to their failure to amend. *See WMX Technologies, Inc.*, *supra* 104 F.3d at 1136, stating a plaintiff may obtain an appealable final judgment by "fil[ing] in writing a notice of intent not to file an amended complaint." (quoting *Lopez*, *supra*, 95 F.3d at 22 (9th Cir. 1996).) In *Edwards v. Marin Park, Inc.* (9th Cir. 2004) 356 F.3d 1058, 1064-65 this Court stated that the *Yourish*, *supra*, case "arose when plaintiffs, given the opportunity to amend or be dismissed, did *nothing*." (emphasis in original). The Court stated "in that situation, resources continue to be consumed by a case sitting idly on the court's docket," and "the failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so-is properly met with the sanction of a Rule 41(b) dismissal. *Id*. at 1065. In *Edwards*, however, the plaintiff informed the district court that it chose not to amend, thus creating an appealable issue as to the motion to dismiss ruling.

*Id.* Appellants here failed to amend, and failed to inform the district court of their intent to amend. As such, they are saddled with the admission that they deemed the First Amended Complaint a sufficient pleading, and the dismissal under Rule 41(b) was appropriate.

### 4. Appellants Did Not Avail Themselves of Many Avenues to Be Heard.

Appellants spend much of their Appellants' Brief arguing that they were denied due process. As stated above, however, it is notable that Appellants did not avail themselves of several procedures available under the rules to sufficiently be heard in the district court. First, Appellants could have requested an extension of time in which to file an amended pleading. In *Eldridge*, this Court found a dismissal under Rule 41(b) was not appropriate, in part, because the plaintiff-appellant had timely requested an extension of time in which to file a responsive pleading. Appellants here cannot make the same claim. They did not timely file a request for an extension or enlargement of time in which to file an amended pleading. Second, Appellants also did not request leave to file their amended pleading after their time to amend had expired. Third, Plaintiffs did not seek rehearing of, or reconsideration of the October 17, 2011 Order, nor the January 3, 2012 Order. Appellants hinge their pleading on "due process," but the record and their Appellants' Brief demonstrates they did not avail themselves of the procedures available to them under the rules.

## C.     Dismissal of a Matter Without Notice Due to Failure to Prosecute Is Not a Denial of Due Process.

The crux of Appellants' argument is that they were deprived due process where the district court dismissed the matter without leave to amend on January 3, 2012.  (*See* Opening Brief, pp. 2, 9-11, 12-18.)  Appellants claim that they should have been given a further opportunity to be heard as to the reasons they failed to file a further amended pleading.  (*See* Opening Brief, pp. 11, 17.)  However, dismissal of an action without notice because of plaintiff's failure to prosecute the action with reasonable diligence is not a denial of due process. *See Shotkin v. Westinghouse Elec. & Mfg. Co.* (10th Cir. 1948.) 169 F.2d 825.  In *Shotkin*, the plaintiff-appellant argued that judgment was entered without notice and an opportunity to be heard, and that appellant was denied due process.  *Id*. at 826. The court recognized the district court's "power to dismiss an action for failure of plaintiff to prosecute it with reasonable diligence." *Id*.  And the court stated such a dismissal for failure to prosecute rests within the discretion of the court. *Id.*  The court thus found, "the dismissal without notice of an action for failure of plaintiff to prosecute with reasonable diligence does not contravene any sustainable concept of due process with which we are familiar." *Id*.  As in *Shotkin*, Appellants have not implicated any "sustainable concept of due process" which was violated in conjunction with the order dismissing their case.

**D.     The Argument that the District Court Should Have Abstained from Dismissing the State Claims Fails.**

Appellants argue the district court should have abstained from making determinations over the state claims, if it determined that the one federal claim, the FDCPA claim, failed as a matter of law.  (Opening Brief, pp. 11, 17-18.)  They essentially argue that the court should not have exercised supplemental jurisdiction over the state claims.  (*See* Opening Brief, pp. 11, 17-18.)  First, this claim, as with the due process claims, fails as it is raised for the first time in this appeal.  Second, this claim is merely hypothetical.   The district court was never presented with a pleading that only contained state claims after a federal claim was dismissed. Third, regardless of the posture, the district court would have been within its discretion to dismiss all claims in the pleading, not just the federal claim, upon the failure to file an amended pleading, pursuant to its authority to exercise supplemental jurisdiction.  Fourth, even if federal claims were dismissed, the court had the discretion to continue with the state claims under pendant jurisdiction. Indeed, authority dictates that the court has discretion to retain the supplemental state law claim and grant relief thereon.  *See* 28 U.S.C. § 1367(c)(3); *see United Mine Workers v. Gibbs,* 383 U.S. 715, 728 (1966); *Brady v. Brown,* 51 F3d 810, 816 (9th Cir. 1995).]

**E.     Appellants Have Not Suggested Any Basis Upon Which They Could Amend to State a Claim.**

Appellants argue that the matter should not have been dismissed without leave to amend; however, they do not provide any argument, nor do they point to anywhere in the record, to demonstrate how they could amend to sufficiently state a claim for any of their federal claims which were dismissed.  Leave to amend, "is properly denied, however, if amendment would be futile."  *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).)  In *Carrico*, this Court affirmed a determination denying leave to amend stating, in part, that appellants, "do not . . . propose any specific allegations that might rectify their [claims]."  *Carrico*, 656 F.3d at 1008.  This Court further stated, "We take that as a demonstration of their inability (or, perhaps, unwillingness) to make the necessary amendment."  *Id*.  In *Kay v. Likins*, 160 Fed. Appx. 605, 608 (9th Cir. 2005), this Court stated "The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."  (citing *Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).)

Appellants' Brief does not argue that they could state a claim if leave to amend were provided.  Also, as discussed further below, Appellants do not argue that the district court erred in dismissing their FDCPA, fraud, or quiet title claims,

22

and they only vaguely contend the order dismissing the Business and Professions Code claim was improper due to alleged "dual tracking." As the district court found, the facts pleaded establish no entitlement to relief. Appellants were informed of the defects in their pleading when the district court granted the Motion to Dismiss First Amended Complaint. Despite notice of their pleading's deficiencies, they failed to rectify them in any amended pleading, and fail to even argue in this appeal that the defects could be cured upon amendment. As such, any request for further leave to amend in the Appellants' Brief, should fail.

## II. THE DISTRICT COURT'S OCTOBER 17, 2011 DECISION DISMISSING THE CLAIMS IN THE FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, WAS SOUND.

In the Appellants' Brief, Appellants do not address any of the district court's grounds in dismissing the First Amended Complaint on October 17, 2011. Appellants merely argue some "dual tracking" was improper, but no basis in common law, statute or contract was presented to the district court, nor in this appeal, to support that claim. The Appellants' brief fails to address the merits of any of their causes of action, and waiver applies in this appeal. Moreover, controlling authority demonstrates the district court's dismissal of the causes of action in the First Amended Complaint, was sound.

**A.    "Dual Tracking" Does Not Support a Cause of Action Because Reliance on AB1745 Is Misplaced, the Argument as to TARP Funds Was Not Previously Raised and Does Not Support a Claim, and No Enforceable Entitlement to a Loan Modification Was Alleged.**

Appellants contend Wells Fargo was improperly involved in what Appellants term "dual tracking," and while they admit no "duty to modify" existed, they claim Wells Fargo should not have foreclosed due to its alleged receipt of "funds under TARP." (Opening Brief, pp. 11, 18-19.) Appellants also rely on the July 2012 legislative enactment of AB1745, which Appellants claim prohibits a lender from negotiating a modification while also proceeding with a nonjudicial foreclosure. (Opening Brief, p. 18.)

First, Appellants' reliance on AB1745 is misplaced. AB1745 was not a basis for Appellants' pleading, nor at issue in the order of dismissal. Appellants admit it was not enacted until July 2012. And, its express terms dictate it is not operative until January 1, 2013[3]. And, the general rule is that "in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application." *Evangelatos v. Superior Court,* 44 Cal. 3d 1188, 1209 (1988). Thus, not only is AB1745 improperly raised in this appeal for

---

[3] *See* California Secretary of State Website at: http://oag.ca.gov/news/press-releases/california-homeowner-bill-rights-signed-law.

the first time, it was not, and still is not effective or operative in any way to support their claims.

Second, Appellants' reliance on their claims regarding TARP funds is misplaced. Preliminarily, TARP related claims were not raised below and are therefore waived. Furthermore, TARP does not provide a private cause of action. *Ung v. GMAC Mortg*., No. EDCV 09-893-VAP, 2009 WL 2902434 at *9-11 (C.D. Cal. September 4, 2009) (dismissing, with prejudice, TARP-based claims pleaded as the basis for state law claims); *Gonzalzez v. First Franklin Loan Svcs*., No. 1:09-CV099941 AWI-GSA, 2010 WL 144862, at *18 (E.D. Cal. January 11, 2010) (stating there is no private right of action under TARP or the Emergency Economic Stabilization Act); *Aleem v. Bank of America,* 2010 WL 532330, *4 (C.D. Cal. February 9, 2009) (stating "There is no express or implied right to sue fund recipients, however, under TARP or HAMP." (citations omitted).) Thus, absent a private right of action, Appellants cannot base any claim on TARP or HAMP.

Third, Appellants did not present any authority to the district court to suggest any entitlement to a loan modification or further forbearance. To be enforceable, modification of a loan's terms, including forbearance, must satisfy the Statute of Frauds. *Secrest v. Sec. National Mortgage Loan Trust 2002-2,* 167 Cal.App.4[th] 544, 553 (2008) (stating "An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds" and citing

Civ. Code § 1698(a); *Collins v. Marvel Land Co.,* 13 Cal.App.3d 34, 43 (1970).)

Appellants' First Amended Complaint did not identify any written agreement as to

modification or forbearance. The allegations in fact reflected they were not

promised a loan modification. [*See* ER, pp. 27-28.] Also, case authority provides

that there is no entitlement to a loan modification under federal law. *See Hoffman*

*v. Bank of America,* 2010 WL 2635773 *2-*3, *5 (N.D. Cal. June 30, 2010) (stating

HAMP "does not actually require that the servicer modify all eligible loans" and

"lenders are not required to make loan modifications for borrowers that qualify

under HAMP." ; *see also Bridgeman v. United States*, 2011 WL: 221639, at *14

(E.D. Cal. Jan. 20, 2011) (stating courts have "persuasively concluded that lenders

are not required to make loan modifications for borrowers who qualify under

HAMP.").] Furthermore, there is no entitlement to a loan modification under state

statutes. *See Mabry v. Sup. Ct.*, 185 Cal. App. 4th 208, 223 (stating Civil Code

"Section 2923.6 merely expresses the *hope* that lenders will offer loan

modifications on certain terms," and rights under Civil Code Section 2923.5 are

limited to "a right to be contacted to 'assess' and 'explore' alternatives to

foreclosure prior to a notice of default.") As such, any alleged discussions

regarding modification or forbearance are unenforceable and claims based on those

alleged negotiations failed to support Appellants' claims presented to the district

court.

26

**B.    Appellants Are Not Appealing the District Court's Order Dismissing the Claims for FDCPA, Fraud, Quiet Title, Declaratory and Injunctive Relief.**

Appellants have not addressed their dismissed FDCPA, Fraud, Quiet Title, Declaratory Relief or Injunctive Relief Claims in their Appellants' Brief. And they only vaguely reference their 17200 claim in their "dual tracking" argument. As such, any appeal as to these claims is deemed abandoned. An appellate brief must include, among other things, "[the party's] contentions and the reasons for them, with citations to the authorities and parts of the record on which the [party] relies." Fed. R. App. P. 28(a)(9). A court of appeals "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986); *see also Irigoyen-Briones v. Holder,* 582 F.3d 1062, 1065 n.1 (9th Cir. 2009) (discussing an issue referred to in introduction but nowhere else was deemed waived); *Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. California*, 547 F.3d 962, 968 n.3 (9th Cir. 2008) (discussing an issue listed among grounds for appeal, but no argument was advanced in support of reversing district court's judgment with respect to that claim); *Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008) (finding an issue not raised on appeal is abandoned); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining issues not argued on appeal are deemed abandoned); *Stuard v. Stewart*, 401 F.3d 1064, 1067 (9th Cir.

2005) ("[W]e are not going to construct an argument for the state *sua sponte*, depriving Stuard's counsel of a fair chance to respond to it").  By not seeking review of holdings as to the FDCPA, Fraud, Quiet Title, Declaratory Relief or Injunctive Relief Claims, Appellants have abandoned the issues.

## C.    The District Court Had Sound Bases for Dismissing the FDCPA, Fraud, Quiet Title, Declaratory Relief, Injunctive Relief, and Business and Professions Code Sections 17200 *et seq*. Claims.

Even if Appellants' Brief could be construed as having sufficiently preserved arguments upon appeal and if it could be deemed to sufficiently attack the October 17, 2011 Order (which from the face of the brief, the arguments appear abandoned) the claims should nonetheless fail on appeal based on the district court's sound ruling.

### 1.    The FDCPA Claim Was Properly Dismissed as Wells Fargo Was Not Alleged to Be a "Debt Collector," Nor Was it Involved in "Debt Collection" under the Act.

To state a claim for a violation of the FDCPA, a plaintiff must allege that the defendant is a "debt collector," and that it was engaged in "debt collection," in violation of the FDCPA.  Appellants' FDCPA claim failed because Wells Fargo, was not a debt collector under the FDCPA.  *See Pernell v. BAC Home Loans Servicing, LP*, 2011 WL 318539, *5 (E.D. Cal. February 2, 2011); *Izenberg v. ETS Servs.*, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (granting motion to dismiss FDCPA claim because lender and mortgage servicer were not "debt

collectors" under that statute); *Lal v. American Home Servicing, Inc*., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (stating "The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.").

Also, nonjudicial foreclosure of property is not considered to be debt collection under that act. *See Reyes v. Wells Fargo Bank, N.A*., 2011 WL 30759, *19 (N.D. Cal. January 3, 2011) (concluding that the FDCPA does not apply to foreclosure proceedings unless the claim arises from activities "beyond the scope of the ordinary foreclosure process"); *Powell v. Residential Mortg. Capital*, 2010 WL 2133011, *5–6 (N.D. Cal. May 24, 2010) (concluding that foreclosure pursuant to a deed of trust does not constitute debt collection for purposes of the FDCPA). Appellants' alleged facts in support of the FDCPA claim related to foreclosure and mortgage servicing. (ER, p. 42.) As such, the district court's ruling in this regard was sound.

> ### 2. The Fraud Claim Was Properly Dismissed Due to Lack of Particularity, and for Failure to Sufficiently Allege the Elements of a Fraud Claim.

Appellants' failed to sufficiently allege a fraud claim in their First Amended Complaint, and the district court properly dismissed the claim. In all averments to fraud, the circumstances constituting alleged fraud shall be stated "with particularity." Fed. R. Civ. P. 9(b); *see also Desaigoudar v. Meyercord,* 223 F.3d

1020, 1022-1023 (9th Cir. 2000) (fraud must be pleaded "with a high degree of meticulousness"). The substantive elements of fraud are determined by state law. But those elements must be pleaded with particularity as required by Federal Rule of Civil Procedure 9(b). *See Moore v. Brewster*, 96 F.3d 1240, 1245-1246 (9th Cir. 1996) (superseded by statute on other grounds). The essential allegations under California Law for an action in fraud or deceit are: (1) *false representation as to a material fact;* (2) *intent to defraud;* (3) *justifiable reliance*; and (4) *resulting damage.* Roberts v. Ball, Hunt, Hart, Brown & Baeerwitz,* 57 Cal.App.3d 104, 109 (1976).

First, the fraud claim based on loan origination was time barred. A three year statute of limitations applies to a fraud claim pursuant to California Code of Civil Procedure Section 338. Appellants at least in part, based the claim on conduct at the March 2004 loan origination. As the action was not filed until June 1, 2011, those origination related claims were time barred.

Second, Appellants failed to allege, with particularity, the facts regarding any alleged misrepresentation by Wells Fargo. To the extent Appellants claimed they were placed into a loan they could not afford, or based on some alleged appraisal or valuation issue, such a claim failed under *Perlas v. GMAC Mortgage, LLC*, 187 Cal.App.4[th] 429, 436 (August 11, 2010), in which the court found a lender is not required to assess a borrower's ability to repay a loan. In *Perlas*, the court stated

"[a]bsent special circumstances…a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Id.* at 436. The court stated,

> A lender is under no duty to determine the borrower's ability to repay the loan. . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection and not the borrowers.

*Id*. at 436 (quoting *Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980); *Renteria v. U.S.,* 452 F.Supp.2d 910, 922-923(D. Ariz. 2006).) Thus, Appellants' claims regarding loan origination, particularly regarding "overinflated appraisal of the property," failure to "properly advise plaintiff of the risks inherent in procuring a loan that was not really based on the true value of the property" and "the risk of paying overinflated monthly payments on the loan," do not support any cause of action regarding fraud. As the district court noted, the allegations did not meet the heightened pleading standard for a fraud claim under Federal Rule of Civil Procedure, Rule 9. (ER, p. 43.) Appellants did not allege any loan term purportedly misrepresented, and Appellants did not plead any facts that Wells Fargo was required to modify the loan. (ER, 43.).

Third, the district court also could have found no facts as to intent were apparent on the face of the pleading. Fourth, the district court could have found no act of reliance was pleaded with any particularity. And fifth, because Appellants

injury arose out of their own failure to perform under their loan, and they received the loan proceeds, damage was not apparent due to any alleged act of fraud.

### 3.    The Quiet Title Claim Was Properly Dismissed.

"[A]mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." *Nool v. Homeq Servicing*, 2009 WL 2905745, *7 (E.D. Cal. 2009). Here, the district court found the claim for quiet title failed due to Appellants' lack of alleging tender. Appellants do not dispute this, and in fact, the First Amended Complaint indicated no ability to act or ability as to payment of the debt. Thus, the district court was appropriate in its finding as to this claim. (*See* ER, p. 43.) The district court also could have found that, as pleaded, no basis for superior title was pleaded, as required by Code of Civil Procedure section 761.020(b). Indeed, the June 9, 2011 trustee's sale is presumptively valid, and no basis rebutting that presumption was alleged.

### 4.    The Injunctive Relief Claim Was Properly Dismissed.

The district court found Appellants' request for injunctive relief failed as injunctive relief is a remedy, and not a cause of action. (ER, p. 44; *see also* Witkin, *California Procedure,* 4th ed., Provision Remedies, § 276(a)(2).) "A request for injunctive relief by itself does not state a cause of action." *Currey v. Homecomings Financial, LLC,* 2009 WL 1227010, *7 (N.D. Cal. May 1, 2009). Furthermore, the district court stated Appellants did not provide what the district

court considered a "sufficient basis" for granting the remedy of injunctive relief. To obtain injunctive relief, a plaintiff must establish compliance with Federal Rule of Civil Procedure 65, and the claim must be premised on a viable cause of action. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365 (2008) (stating a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"; *U. S. v. Cohen*, 152 F.3d 321, 324 (4th Cir. 1998) (stating "[Rule] 65 is not a source of power for the district court to enter an injunction. Rather, it regulates the issuance of injunctions otherwise authorized."). Appellants in this case failed to allege any viable cause of action, or show any entitlement to injunctive relief.

### 5.    The Declaratory Relief Claim Was Properly Dismissed.

The Declaratory Judgments Act, 28 U.S.C. section 2201, provides:

> In a case of ***actual controversy*** within its jurisdiction, . . . any court of the United States. . . ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  (emphasis added.)

Equitable remedies "are dependent upon a substantive basis for liability, [and] they have no separate viability" if all the plaintiff's other claims fail.  [*Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023, fn.3 (2000).]   In this case, the district court found the request for declaratory relief failed, as it was completely derivative of Appellants' other claims which were found to fail.  (*See* ER, p. 44.) No error has been assigned to this determination.

6.    **The District Court's Decision Dismissing the Claim for an Alleged Violation of California Business and Professions Code Sections 17200 *et seq*. Was Sound.**

In their Appellants' Brief, Appellants argue they have "sufficiently [pleaded] allegations of 'dual tracking' which does constitute a violation of the UCL." (Appellants' Brief, pp. 11, 19.) Under *Khoury v. Maly's of California* 14 Cal.App.4th 612, 619 (1993), a plaintiff must allege a section 17200 et seq. claim with reasonable particularity. Further, "The viability of a claim under California Business and Professions Code sect. 17200, *et seq.*, depends on the viability of an underlying claim of unlawful conduct." [*Nool v. Homeq Servicing,* 2009 WL 2905745, *7 (E.D. Cal. 2009).] And, actual injury must be present: one has standing to assert a section 17200 claim only if she has (1) "suffered injury in fact," and (2) lost money or property ***as a result of*** such unfair competition." Bus. & Prof. Code § 17204 (emphasis added).

Appellants' claim as to "dual tracking" fails, as stated above, as no unlawful conduct was pleaded in this regard, nor argued in this appeal. Notably, no obligation to provide a modification or forbearance was pleaded, or is argued in Appellants' Brief. The district court found the claim for an alleged violation of Business and Professions Code Sections 17200 *et seq*. failed because the remaining claims were deficient, and no underlying claim was sufficiently pleaded. (*See* ER, pp. 44-45.) Indeed, Appellants have not demonstrated an underlying claim to

34

support this claim.  The district court also could have found that no injury was apparent on the face of the pleading, as Appellants received the benefit of the loan proceeds, admit default, and did not allege tender of all amounts due.  No error as to the district court's ruling has been demonstrated in this appeal.

## CONCLUSION

Appellee respectfully submits the district court's decision granting the Motion to Dismiss, and the dismissal after Appellants failed to amend, should be affirmed as: (1) Appellants have improperly raised the arguments as to due process for the first time in this appeal; (2) the district court did not abuse its discretion in dismissing the matter with prejudice where Appellants failed to amend within the permitted time; (3) Appellants have abandoned any argument as to the claims for a violation of the FDCPA, the fraud claim, the quiet title claim, the alleged violation of Business and Professions Code section 17200 et seq., and Appellants' requests for declaratory and injunctive relief; and (4) the district court's determinations dismissing those claims were sound under controlling authority.

Dated: November 14, 2012                     KUTAK ROCK LLP

                                             By:  */s/ Steven M. Dailey*
                                                 Jeffrey G. Gerardo
                                                 Steve M. Dailey
                                                 5 Park Plaza, Suite 1500
                                                 Irvine, California  92614-8595
                                                 Attorneys for Appellee

## STATEMENT OF RELATED CASES

Pursuant to Circuit Rule 28-2.6, Appellee certifies it is aware of the case of *Binal Patel, et al. v. Wells Fargo Bank, N.A., et al*, No. 12-56012 which arose from the same district court case at issue in this appeal, and which this Court dismissed for lack of jurisdiction on September 10, 2012.

.

KUTAK ROCK LLP

By:   */s/ Steven M. Dailey*
    Jeffrey G. Gerardo
    Steve M. Dailey
    5 Park Plaza, Suite 1500
    Irvine, California  92614-8595
    Attorneys for Appellee

## CERTIFICATE OF COMPLIANCE

Counsel of record hereby certifies that:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 8,826 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

KUTAK ROCK LLP


By:   */s/ Steven M. Dailey*
    Jeffrey G. Gerardo
    Steven M. Dailey
    5 Park Plaza, Suite 1500
    Irvine, California  92614-8595
    Attorneys for Appellee

## CERTIFICATE OF SERVICE

*Patel  v. Wells Fargo, et al.*

United States Court of Appeals
For the Ninth Circuit Docket No. 12-55071

[ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION CASE
NO. SACV11- 826  (AG) (RNBx) ]

I hereby certify that on November 14, 2012, I electronically filed the
foregoing with the Clerk of the Court for the United States Court of Appeals for
the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by
the appellate CM/ECF system.

Dated: November 14, 2012        KUTAK ROCK LLP

By: */s/ Steven M. Dailey*

Attorney for Appellee

4814-4578-2542.1